### UNITED STATES v. MILES et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922.)

No. 3686.

Salvage ⬅️➡️30—Award of two months' wages to crew held not excessive.

An award of two months' wages each to the crew of a salving steamship for floating a stranded steamship after two days' work *held* not excessive, where the services were very efficient and the value of the salved vessel, with cargo, exceeded $3,000,000.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Suit in admiralty for salvage services by Otis E. Miles and others against the United States. Decree for libelants, and the United States appeals. Affirmed.

John T. Williams, U. S. Atty., and Frederick Milverton, Sp. Asst. U. S. Atty., both of San Francisco, Cal.

H. W. Hutton, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The court below awarded to each of the appellees, who were 21 members of the crew of the steamship West Inskip, 2 months' pay as award for salvage service rendered to the steamship Deuel after the Deuel had run aground near the port of Yokohama. The value of the Deuel was about $1,762,000, and the repairs to the vessel consequent upon her grounding cost about $60,000. The cargo which she carried had a value of $1,500,000. It is contended that, while some award for salvage should have been allowed, the amount allowed was unfair. We do not think so. The Deuel went ashore at high water, with falling neap tides, at about 9 o'clock a. m., December 14, 1919. About 12 hours later the West Inskip backed in, dropped both anchors, and pulled on hawsers from her stern to the stern of the Deuel for about 50 minutes. Again on the following day like effort was made for 2 hours and 20 minutes without success. The crew of the Deuel, assisted by the appellees, threw some of the Deuel's cargo overboard, and shifted other cargo. On December 16, as the result of the united efforts of the two vessels, the Deuel was floated. It is not denied that—

---

"The refloating of the Deuel in such quick time is mainly due to the masterly way in which Capt. Tibbetts, of the West Inskip, placed his ship in position, and then rendered very efficient service."

The total amount awarded to the appellees is $3,750. The total monthly pay roll of the West Inskip, including salaries of her master and officers, was $5,370, and, if the libel had been brought by the officers and crew, the total award on the basis as allowed by the court below would have been about $10,740.

It is of little assistance in ascertaining the reasonableness of a salvage award to cite similar cases in which courts have placed a low estimate on the value of salvage services. The appellant cites the case of The Kia Ora (D. C.) 246 Fed. 143, but in that case on appeal the amount of the award was raised from $100,000 to $150,000. The Kia Ora, 252 Fed. 507, 164 C. C. A. 423. The values involved in that case were $3,901,173. It is true that the West Inskip was not in danger at any time, nor was any member of her crew called upon to incur risk of loss of life or limb, or to perform hazardous services; but the Deuel was stranded upon a rocky and uneven surface, and in a position which would have been fraught with serious danger, but for the moderate weather which prevailed. In view of all the circumstances, we are not convinced that the award of the court below should be disturbed.

The decree is affirmed.